Filed by MB D.C.
ELECTRONIC
May 8, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.
## 09-60685-Civ-DIMITROULEAS/SNOW

PETER D. CRESCENZO,

    Plaintiff,

v.

ER SOLUTIONS, INC., and
CRI PURCHASING CORP.

    Defendants.
_____/

### COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and a common law tort.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, ER SOLUTIONS, INC. placed telephone calls and sent letters into this District on behalf of Defendant, CRI PURCHASING, CORP.

### PARTIES

3. Plaintiff, PETER D. CRESCENZO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ER SOLUTIONS, INC., ("ER") is believed to be a corporation and citizen of the State of Washington with its principal place of business at 800 Southwest 39 Street, Renton, Washington 98055.

5. Defendant, CRI PURCHASING CORP. ("CRI") is believed to be a corporation. Plaintiff has no other information about the location of CRI.

6. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendants regularly collect or attempt to collect debts for other parties.

8. Defendants are "debt collectors" as defined in the FDCPA and FCCPA..

9. Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

11. Plaintiff is not liable for the alleged debt. Plaintiff was a victim of identity theft several years ago and on information and belief the alleged debt was incurred by an imposter.

12. Defendant CRI acquired the alleged debt from the original creditor, Washington Mutual, and retained ER to collect the debt from Plaintiff.

13. Defendant, ER, left the following pre-recorded messages on Plaintiff's residential voice mail on or about the dates stated:

<u>May 8, 2008</u>
Hello. This message is for Peter Crescenzo and my number is 877-227-0053. If you are not the person I asked for, please hang up or disconnect. If you are the right person, then please continue to listen. There will now be a short pause to allow you to disconnect. By continuing to listen to this message, you acknowledge you are Peter Crescenzo. This is Kelly Smith from ER Solutions. I am calling because I have an attractive settlement offer for you; however, time is limited, so it is important that you contact us. Please contact me at 877-227-0053. Thank you.

<u>September 3, 2008</u>
**Pre-recorded voice:** It's important that we speak with you, we'll be with you shortly. Thank you. Hello, please hold for the first available representative.  It's important that we speak with you, we'll be with you shortly  Thank you.
Hello,  please hold for the first available representative, it's important that we speak with you, we'll be with you shortly. Thank you.
Hello,  please hold for the first available representative, it's important that we speak with you, we'll be with you shortly. Thank you.
**Human voice:** Hello. Hello.

14. Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

3

15. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

16. Defendant, ER, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

17. Defendant, ER, knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

18. By virtue of its status as a debt collector, CRI, is vicariously liable to Plaintiff for ER's violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

19. As assignee of Washington Mutual, Defendant, CRI, is liable to Plaintiff for ER'S, and any of CRI's other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

20. None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

21. Defendant, ER, and other debt collectors acting on behalf of Defendant, CRI, used an automatic telephone dialing system or an artificial or pre-recorded voice to place numerous telephone calls to Plaintiff's residential telephone within four years of the filing of this complaint without Plaintiff's express consent.

22. Defendant, ER, willfully or knowingly violated the regulations of the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant, ER, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

5

  c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

25. Plaintiff incorporates Paragraphs 1 through 22.

26. Defendant, ER, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Defendant, ER, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, and

6

the purpose of its communications, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.    Plaintiff incorporates Paragraphs 1 through 22.

30.    By failing to disclose that it is a debt collector, and the purpose of its communication, Defendant, ER, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.    Plaintiff incorporates Paragraphs 1 through 22.

32. Debt collectors, including but not limited to, Defendant, ER, acting on behalf of Defendant, CRI, placed telephone calls to Plaintiff's residence using an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B). See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 643 (E.D. Pa. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

 a. Damages;

 b. Such other or further relief as the Court deems proper.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

33. Plaintiff incorporates Paragraphs 1 through 22.

34. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

35. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded

8

Plaintiff's privacy, seclusion, and solitude.

36. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

37. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

38. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages; and

    b. Such other or further relief as the Court deems proper.

## COUNT VII
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

39. Plaintiff incorporates Paragraphs 1 through 22.

40. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA and the TCPA.

41. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

42. Plaintiff seeks a permanent injunction prohibiting Defendant from engaging in debt collection practices violative of the FCCPA and telephoning Plaintiff in violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FCCPA and the TCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _____ day of May, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

**09-60685-Civ-DIMITROULEAS/SNOW**
# CIVIL COVER SHEET

FILED by MB D.C.
ELECTRONIC

May 8, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in Sept the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF

| | |
|---|---|
| **I(a) PLAINTIFFS**<br>Peter D. Crescenzo | **DEFENDANTS**<br>ER Solutions, Inc. and CRI Purchasing Corp. |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842<br>FORT LAUDERDALE, FL 33339. TELEPHONE (954) 537-2000 | ATTORNEYS (IF KNOWN)<br>09cv60685-WPD/LSS |

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff  ☒ 3. Federal Question (U.S. Government Not a Party) | | PTF | DEF | PTF DEF |
| ☐ 2. U.S. Government Defendant  ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State ☐ 1 ☐ 1 |
| | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State  2  2 |
| | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation ☐ 3 ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case    **15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act**

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**    **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 | CLASS ACTION No | DEMAND$ N/A | Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: May 8, 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 546236    Amount: 350.00
Date Paid: _____    M/ifp: _____