UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60685-Civ-Dimitrouleas/Snow

PETER D. CRESCENZO,

    Plaintiff,
v.

ER SOLUTIONS, INC. and
CRI PURCHASING CORP.,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.5, Plaintiff, PETER D. CRESCENZO, makes the following statement of disputed material facts in opposition to Defendants' Statement of Undisputed Material Facts contained within Defendants' Motion for Partial Summary Judgment (DE 24), and also makes a statement of additional facts, as follows:

In violation of Local Rule 7.5C, Defendants have not numbered their factual paragraphs, so Plaintiff will reproduce each of Defendants' claimed facts in quotation marks, followed by Plaintiff's response. In most instances, Defendants did not provide references to the deposition testimony, or other documents supporting its claimed facts, also in violation of Local Rule 7.5C.

1. "CRI Purchasing Corp. ("CRI") purchased Plaintiff's overdraft account from Washington Mutual Bank." DISPUTED: The Plaintiff, PETER D. CRESCENZO has never had an account with Washington Mutual Bank. The Washington Mutual Bank debt is not the debt of Plaintiff. The social security number and date of birth of person named "Peter Crescenzo" listed in Defendants' records is not the social security number or date of birth of the Plaintiff, PETER D. CRESCENZO. Plaintiff's Declaration contemporaneously filed. ¶¶3, 4, 5, 6 and Lewis Deposition contemporaneously filed, pages 86 to 88 and page 89.

2. "CRI did not collect on the account itself but retained ER Solutions, Inc. ("ERS") to collect on the same." UNDISPUTED.

3. "ERS attempted to contact Plaintiff only at his residence address and phone number by way of letters and telephone calls and messages." UNDISPUTED.

4. "The telephone messages were made by use of an artificial or prerecorded voice to the residence phone number only." UNDISPUTED.

5. "Plaintiff does not allege that he was called on his cell phone, nor does Plaintiff allege he made any written or verbal disputes to either defendant in his Complaint." UNDISPUTED.

6. "However, Plaintiff does allege in his Complaint that he was a victim of identity theft." DISPUTED. Plaintiff did allege he was a victim of identity theft

in his Complaint, however, after obtaining discovery from Defendants it became evident that the "Peter Crescenzo" from whom Defendants sought to collect a debt was not the same person as Plaintiff, PETER D. CRESCENZO.

7.  "Based upon the telephone messages left at Plaintiff's residence, Plaintiff filed this action against ERS and CRI alleging causes of action under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(1), 1692d(6) (Counts I and II), the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes Sections 559.72(7) & (9) (Count III & IV), the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(B) (Count V) for Intrusion upon Seclusion (via a claim that a violation of 15 U.S.C. 1692(a) allows the same) (Count VI), and for Declaratory Relief under 28 U.S.C. § 2201, 2002 and the FCCPA (Count VII)." UNDISPUTED.

8.  "The evidence of this case shows that ERS only left messages on Plaintiff's home phone and left messages, as well as sent an initial validation letter pursuant to 15 U.S.C. 1692g which went unreturned on December 7, 2007. *See* Affidavit of Anne Carlson along with a copy of the ERS collection notes. (See attached Exhibit A)." UNDISPUTED.

9.  "Further, the evidence of the case shows that CRI purchased the account from Washington Mutual Bank on June 27, 2007 and was given no indication of Plaintiff's current dispute on any claim. *See* Affidavit of Anne

3

Carlson." DISPUTED IN PART: Plaintiff never disputed the alleged debt with Washington Mutual Bank because he has never had an account with Washington Mutual Bank. Plaintiff's Declaration, ¶5.

    10.    "Further, CRI did not receive any dispute until March 25, 2009 when the consumer called and disputed the account and ERS ceased collection on the account. *See* Affidavit of Anne Carlson." DISPUTED. In a very misleading manner, Defendants do not allege that Plaintiff PETER D. CRESCENZO called ERS: they allege that the "consumer" called ERS. Although the person named "Peter Crescenzo" who may owe the alleged debt may have called ERS and disputed the debt on March 29, 2009, the Plaintiff, PETER D. CRESCENZO never called ERS at anytime. CITE. The Carlson Affidavit does not mention anything at all about a March 29, 2009 telephone call. The account history notes attached to the Carlson Affidavit show an entry on March 29, 2009 but it is entirely unclear as to whether the alleged dispute was made by telephone and who made it. The account history notes attached to the Carlson Affidavit suggest the consumer dispute was made through a credit bureau and Defendants' argue this in their motion "Again, ERS never heard from Plaintiff and the only dispute received was through the credit bureaus and once the dispute was received the account was immediately "ceased"." See page 8, DE 8.

    11.    "This lawsuit was filed in May 8, 2009." UNDISPUTED.

4

**Additional Facts Asserted in Opposition to Defendant's Motion**

12.Plaintiff's date of birth is October 26, 1948. Plaintiff's Declaration, ¶3.

13.Plaintiff's social security number ends in 6036. Plaintiff's Declaration, ¶4.

14.Plaintiff has never had an account at Washington Mutual Bank. Plaintiff's Declaration, ¶5.

15.Plaintiff has never had any business dealings with Washington Mutual Bank, nor have I ever owed it money. Plaintiff's Declaration, ¶6.

16.Plaintiff did not consent to calls placed to my home by Washington Mutual Bank or its debt collectors. Plaintiff's Declaration, ¶7.

17.Plaintiff has lived in the same home for over 30 years and his mortgage was paid off in 1991. He has never applied to Premiere Mortgage or any mortgage company for any mortgage since his original mortgage was paid off in 1991. Plaintiff's Declaration, ¶8.

18.Plaintiff received pre-recorded voice mail messages from ER Solutions, Inc. on his home telephone. He does not know the exact number but he retained recordings of four of the messages. Plaintiff's Declaration, ¶9.

19. Plaintiff received the following pre-recorded messages on his home telephone on or about the date stated:

May 8, 2008
**Pre-recorded voice:** Hello. This message is for Peter Crescenzo and my number is 877-227-0053. If you are not the person I asked for, please hang up or disconnect. If you are the right person, then please continue to listen. There will

5

now be a short pause to allow you to disconnect. By continuing to listen to this message, you acknowledge you are Peter Crescenzo. This is Kelly Smith from ER Solutions. I am calling because I have an attractive settlement offer for you; however, time is limited, so it is important that you contact us. Please contact me at 877-227-0053. Thank you.

May 12, 2009
**Pre-recorded voice:** Hello. This message is for Peter Crescenzo and my number is 877-227-0053. If you are not the person I asked for, please hang up or disconnect. If you are the right person, then please continue to listen. There will now be a short pause to allow you to disconnect. By continuing to listen to this message, you acknowledge you are Peter Crescenzo. This is Kelly Smith from ER Solutions. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me at 877-227-0053. Thank you.

June 9, 2008
**Pre-recorded voice:** Hello. This message is for Peter Crescenzo and my number is 877-227-0053. If you are not the person I asked for, please hang up or disconnect. If you are the right person, then please continue to listen. There will now be a short pause to allow you to disconnect. By continuing to listen to this message, you acknowledge you are Peter Crescenzo. This is Kelly Smith from ER Solutions. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me at 877-227-0053. Thank you.

September 3, 2008
**Pre-recorded voice:** It's important that we speak with you, we'll be with you shortly. Thank you. Hello, please hold for the first available representative. It's important that we speak with you, we'll be with you shortly  Thank you.
Hello,  please hold for the first available representative, it's important that we speak with you, we'll be with you shortly. Thank you.
Hello,  please hold for the first available representative, it's important that we speak with you, we'll be with you shortly. Thank you.
**Human voice:** Hello. Hello.

Plaintiff's Declaration, ¶10

20.     Washington Mutual Bank provided Defendants with the following information about the person allegedly owing a debt to the bank: he was born in 1970 and has a social security number ending in 8950. Lewis Deposition, pages 86 to 88 and page 89.

6

21. Washington Mutual Bank did not provide Defendants with Plaintiff's home telephone number. Lewis Deposition, page 109.

22. ER Solutions obtained Plaintiff's home telephone number from a skip trace company. Lewis Deposition, page 50.

23. ER Solutions telephoned Plaintiff's home telephone number 108 times. Lewis Deposition, page 63.

24. ER Solutions uses pre-recorded messages to call consumers. Lewis Deposition, page 69, 132, and 151.

25. Defendant's corporate representative could not say if ER Solutions left pre-recorded messages or not on Plaintiff's home telephone number. Lewis Deposition, page 74-77.

26. ER Solutions left at least one message on Plaintiff's home telephone number using a pre-recorded voice. Lewis Deposition, page 118-120.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone (954) 537-2000
Facsimile (954) 566-2235
donyarbrough@mindspring.com

By: s/Donald A. Yarbrough

                                        Donald A. Yarbrough, Esq.
                                        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60685-Civ-Dimitrouleas/Snow

PETER D. CRESCENZO,

    Plaintiff,

v.

ER SOLUTIONS, INC. and
CRI PURCHASING CORP.,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on March 15, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        s/Donald A. Yarbrough
                                        Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara A. Sinsley, Esq.
Barron, Newburger & Sinsley, PLLC
Suite 102
205 Crystal Grove Blvd.
Lutz, FL 33548
Telephone: 813-500-3636
Facsimile: 813-949-6163

Via Notices of Electronic Filing generated by CM/ECF