UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PETER D. CRESCENZO,

    Plaintiff,

v.                                                                Case No.: 09-cv-60685

ER SOLUTIONS, INC., and
CRI PURCHASING CORP.,

    Defendants.

_____/

## ORDER DISMISSING TCPA CLAIM FOR LACK
## OF JURISDICTION; CLOSING CASE

    THIS CAUSE is before the Court upon Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment [DE-44], filed herein on March 22, 2010.  The Court has carefully considered the Reply, the Eleventh Circuit's decision in *Nicholson v. Hooters of Augusta,* 136 F. 3d 1287, 1289 (11th Cir. 1998), and is otherwise fully advised in the premises.

    Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") as exclusive jurisdiction lies with the state courts.  The Court agrees.  The Eleventh Circuit unambiguously announced in *Nicholson* that federal courts lack subject matter jurisdiction over private actions under the TCPA.  136 F. 3d at 1289.  The Eleventh Circuit concluded that the "text of the [TCPA], including the specific grant of federal jurisdiction to state attorneys general, as well as the [TCPA's] legislative history, demonstrate[s] that Congress intended to assign the private right of action to state courts exclusively."  Thus, based upon the Eleventh Circuit's clear and

unambiguous conclusion, this Court lacks subject matter jurisdiction over Plaintiff's TCPA claim in Count V of the Complaint.  And, to the extent that Count VII of the Complaint is premised upon a violation of the TCPA as well, the Court also lacks jurisdiction over this claim.

By separate Order entered contemporaneously herein, this Court approved the parties' Joint Stipulation for Partial Dismissal [DE-46], and dismissed with prejudice Plaintiff's claims under the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act, counts I, II, III, IV, and VII.  Further, Plaintiff withdrew his tort claim with prejudice, count VI [DE-38].  As such, having concluded that the Court lacks subject matter jurisdiction over the TCPA, and there are no further claims pending before this Court, this case shall be closed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The TCPA claims in Count V and VII of the Complaint are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction;

2. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of April, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record