UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60685-Civ-Dimitrouleas/Snow

PETER D. CRESCENZO,

     Plaintiff,

v.

ER SOLUTIONS, INC. and
CRI PURCHASING CORP.,

     Defendants.

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES

**I.      PROCEDURAL HISTORY**

    On May 8, 2009, Plaintiff, Peter D. Crescenzo, filed his Complaint (DE 1) alleging that Defendants, ER Solutions, Inc. and CRI Purchasing Corp, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act,  §559.55 *et seq*. ("FCCPA") and Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

    Nine months into the litigation, Defendant offered on February 22, 2010 to resolve the FDCPA and FCCPA claim only by paying Plaintiff $2,000.00 plus reasonable attorney fees and costs if Plaintiff would file a dismissal with prejudice of those two claims only. On March 4, 2010, Plaintiff accepted Defendant's offer. The parties filed a joint stipulation for dismissal on April 5, 2010, (DE 46), which the Court approved on April 6, 2010, (DE 47).

    Accordingly, Plaintiff is the prevailing party in this action and Plaintiff now seeks

a judgment for attorney's fees and costs.

## II.   STATEMENT OF FACTS

In this litigation, Plaintiff was represented by Donald A. Yarbrough.  Mr. Yarbrough has expended a total of 62.72 hours on behalf of Plaintiff. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorney's Fees, accompanying this Motion. An itemized account is contained in the Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees. Plaintiff's counsel has chosen not to seek 28.81 hours time primarily attributable to the TCPA claim. Thus the 33.91 hours Plaintiff seeks are appropriate to the litigation of the FDCPA and FCCPA claim. These hours would have been incurred even in the absence of the TCPA claim.

The hourly rate for the services provided by Donald A. Yarbrough is $300.00 per hour.

The reasonable attorney fee for the services of Donald A. Yarbrough in this matter is $10,173.00 (33.91 hours x $300/hour). Plaintiff's counsel has exercised billing judgment in the preparation of his time records. He has chosen to not bill 28.81 hours time incurred in the litigation of this case primarily attributable to the claim under the Telephone Consumer Protection Act. The exercise of billing judgment has been required in by the 11th Circuit. See Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).

Mr. Yarbrough incurred costs and litigation expenses of $4,406.60 in prosecution of this matter. <u>See</u> Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees. The costs incurred, which primarily consist of the filing fee, mediator's fee and deposition expenses, would be no different had the case not alleged violation of the TCPA.

Under the FDCPA and the FCCPA, a prevailing Plaintiff is entitled to attorney fees and costs incurred in the litigation of this Motion for Attorney Fees and Costs, and, accordingly, Plaintiff will file a supplemental Declaration once Defendant has filed its opposition and Plaintiff has filed his reply detailing the additional time spent on the litigation of this motion.

Plaintiff respectfully requests that this Court award reasonable attorney fees for the services of Plaintiff's counsel in the amount of $10,173.00 and costs of $4,406.60 for a total of $14,579.60

## III. STATEMENT OF QUESTION PRESENTED

Is Plaintiff entitled to an award of reasonable attorneys fees and costs?  Plaintiff respectfully submit that this question should be answered in the affirmative.

## IV. ARGUMENT

### A.    <u>PLAINTIFF WAS SUCCESSFUL IN THIS ACTION.</u>

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer.

. . . any debt collector who fails to comply with any provision

3

> of this subchapter . . . is liable to such person in an amount
> equal to the sum of--[actual damages] [statutory damages]
> and (3) in the case of any successful action to enforce the
> foregoing liability, the costs of the action, together with a
> reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

Regarding the FDCPA, Plaintiff has obtained the maximum amount of statutory damages to which he is entitled. Regarding the FCCPA, he has recovered the maximum amount of statutory damages to which he is entitled. Accordingly his recovery has been excellent. In this case, Plaintiff sought statutory damages only, not actual damages.

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to Plaintiff for a debt collector's violation of "any provision" of the FDCPA is mandatory" _Pipiles v. Credit Bureau of Lockport, Inc._, 886 F.2d 22, 28 (2d Cir. 1989), citing _Emanuel v. American Credit Exchange_, 870 F.2d 805, 809 (2d Cir. 1989).  "Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing Plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3).  Such an award is mandatory under the FDCPA." _Edwards v. National Business Factors, Inc._, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). As the prevailing party in this case Plaintiff is entitled to an award of costs and reasonable attorney fees.  _Thorpe v. Collection Information Bureau, Inc._, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney fees should not be construed as a

special or discretionary remedy, rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  *In re Martinez*, 266 B.R. 523, 537 (Bankr.S.D.Fla. 2001) *aff'd* 271 B.R. 696 (S.D.Fla. 2001). See also, *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

**B.   PLAINTIFF'S ATTORNEY IS TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.**

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). Also, see: *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174.  Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here.  "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " *Hensley v. Eckerhart,* supra at 1939, n.7.  "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989)

(quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201,

2202; 37 L. Ed. 2d 48 (1973)).  The multiplication of the reasonable number of hours

expended times the reasonable hourly rate is referred to as the "lodestar." *Resolution*

*Trust Corp. v Hallmark Builders, Inc.*, 836 F.2d 114, 1147 (11th Cir. 1993); *Friend v.*

*Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Thorpe v. Collection Information*

*Bureau, Inc.*, supra at 1174.

Donald A. Yarbrough's time in this litigation totaled 62.72 hours. He has chosen

not to seek 28.81 hours time primarily attributable to the TCPA claim. Thus the 33.91

hours Plaintiff seeks are appropriate to the litigation of the FDCPA and FCCPA claim.

These hours would have been incurred even in the absence of the TCPA claim. This

amount of time is reasonable. The hourly rate of $300.00 Mr. Yarbrough seeks is

appropriate for an attorney of his experience in this type of litigation. Mr. Yarbrough has

been repeatedly awarded attorney fees at the hourly rate of $300.00 per hour. He now in

his eleventh year of practice as an attorney. He was recently awarded $350.00 per hour.

*Drossin v Nation Action Financial Services, Inc.*, Case No.: 07-61873 Dimitrouleas/Snow

(S.D.Fla. 2009). Although, he has recently been awarded $350.00 per hour, he is seeking

$300.00 per hour in this case. The cases in which he has been awarded $300.00 per hour

are: *Lawrence M. Sclafani v I. C. System, Inc.*, Case No.: 09-60174-Civ-Huck/O'Sullivan

(S. D. Fla. March 18, 2010);  *Monica A. Harmon v Retrieval Masters Creditors Bureau,*

*Inc d/b/a American Medical Collection Agency*, Case No.: 07-80777-Civ-

Middlebrooks/Johnson (S.D.Fla., March 25, 2009); *S. James Wallace v Collection Information Bureau, Inc.*, Case No.: 07-80941-Civ-Hurley/Hopkins (S.D.Fla., October 9, 2008); *Monica I. Barreras v. Viking Collection Service, Inc*., Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., March 10, 2008) *Jennifer I. Scott v. Commonwealth Financial Systems, Inc.,* Case No.: 07-21192-Civ-Cooke/Brown (S.D.Fla., February 19, 2008); *Ruth V. Koku v. Educational Computer System, Inc.,* Case No.: 07-61231-Civ-Lenard/Torres (S.D.Fla., January 30, 2008); *Clifford J. Cideko v. Trans National Credit Corporation*, Case No.: 06-61606-Civ-Cohn/Snow (S.D.Fla., July 27, 2007); *Cathi A. Guidara-Fiano, et al.  v The Law Offices of Jason J. Evans, P. C.,* Case No.: 07-60227-Civ-Hurley/Hopkins (S.D.Fla., October 1, 2007); *Lori A. Bloomer v. Creditors Collection Services, Inc.*, Case No.: 06-61264-Civ-Seitz/McAliley (S.D.Fla., July 5, 2007); *Carolynne F. Williams v. Sun Asset Management, LLC,* Case No.: 07-60057-Civ-Ungaro/ O'Sullivan (S.D.Fla., May 14, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D.Fla. March 22, 2006); *Sharon A. Campbell v. Credigy Services Corp*., Case No.: 05-61539-Civ-Marra/ Seltzer (S.D.Fla. February 2, 2006); *James V. Facciolo, III, v. Arent*, Case No. 03-61679-Civ-Dimitrouleas/ Torres (S.D.Fla., June 9, 2004).

The lodestar calculation for the efforts of Donald A. Yarbrough in this litigation is $10,173.00 (33.91 hours x $300.00/hour). Mr. Yarbrough's firm also incurred $4,406.60 as costs and expenses of this litigation.

Thus, the total lodestar calculation for the award of attorneys' fees to the Plaintiff in this matter totals $10,173.00 and costs of $4,406.60 for a total of $14,579.60.

### C.   THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT.

Plaintiff seeks an award of attorneys' fees based upon the lodestar formula. The Defendant may, however, suggest that a lesser amount is appropriate.

### 1.   Previously Established Rates Are Appropriate for Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

The Seventh Circuit reversed a District Court's denial of attorney's fees even though the Plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).  Of course, the amount of reasonable

8

attorneys fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

## 2.   The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the Plaintiff is successful, i.e., recovers more than nominal damages, the Plaintiff should be awarded attorneys fees pursuant to a lodestar calculation. In this case, Plaintiff recovered the maximum amount of statutory damages to which he is entitled under the FDCPA and FCCPA, which is all he sought in the litigation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under §1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted).  Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, supra.  The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees.  The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, supra at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of
> important civil rights, consumer-protection, and
> environmental policies. By providing competitive rates we
> assure that attorneys will take such cases, and hence
> increase the likelihood that the congressional policy of
> redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449

(3d Cir. 1988). "Congress has relied on such Plaintiffs to act as private attorneys

general." Id., at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir.

1991); *In re Martinez*, supra at 537.

The amount of damages awarded often has borne no relation to the amount of

attorney fees granted. "[A]ttorney's fees awarded by District Courts have `frequently

outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff

D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted).

Upon finding a statutory violation and damages, the attorney fees award should be made

in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.:

04-61196-Civ-Jordan/Brown (S.D. Fla. 2006) the Court awarded attorney fees of

$38,678.00 where the Plaintiff recovered statutory damages of $1,000.00 for violation of

the Fair Debt Collection Practices Act and $1,000.00 for violation of the Florida

Consumer Collection Practices Act. The Southern District of Florida affirmed the

10

Bankruptcy Court's award of attorney fees of $29,037.50 where the Plaintiff recovered

FDCPA statutory damages of only $1,000.00  *In re Martinez*, supra at 544 *aff'd* 271 B.R.

696 (S.D.Fla. 2001). In *Gradisher v. Check Enforcement Unit, Inc.*, 2003 U.S. Dist.

LEXIS 753 (W.D.Mich., Jan. 22, 2003), $77,680.44 was awarded although the Plaintiff

recovered only $1,000.00.  In *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL

31050583 (D.Minn., Sept. 5, 2002), the District Court approved the award of $43,180.00

in attorney fees where the Plaintiff recovered $1,000.00 in statutory damages.  In *Perez v.*

*Perkins*, 742 F.Supp. 883 (D. Del. 1990), the District Court awarded $10,110.00 in

attorney fees where the Plaintiff's recovery was only $1,200.00.

**D.    PLAINTIFF'S ATTORNEY IS ENTITLED TO
AN AWARD OF COSTS AND LITIGATION EXPENSES**

Plaintiff has requested the award of costs and litigation expenses in addition to an

award of attorneys' fees.

The FDCPA grants the successful Plaintiff "the costs of the action."  15 U.S.C.

§1692k(a)(3). The costs incurred were necessary to the litigation.

Thus, the Plaintiff's litigation expenses and costs are compensable.

**E.    PLAINTIFF SEEKS AN AWARD OF ATTORNEYS' FEES FOR
TIME EXPENDED IN THE LITIGATION OF THIS MOTION.**

The Declaration submitted by Plaintiff's attorney details the costs and time

expended in this litigation but not the fees and costs incurred in bringing this motion.

Plaintiff requests leave to file a supplemental Declaration detailing the time expended in

the litigation of this Motion. An award of fees is appropriate for the time expended in

11

pursuing a Motion for an Award of Attorney Fees. See _Khalilah M. Mendez v. Allied Interstate, Inc._, Case No.: 07-22516-Civ-King/Bandstra (S.D.Fla., April 16, 2008); _Monica I. Barreras v. Viking Collection Service, In_c., Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., October 23, 2007); _Wayne E. Small v. Absolute Collection Service, Inc.,_ Case No.:  04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); _Lund v. Affleck_, 587 F.2d 75 (1st Cir. 1978); _Gagne v. Maher_, 594 F.2d 336 (2d Cir. 1979); _David v. City of Scranton_, 633 F.2d 676 (3d Cir. 1980); _Tyler Business Servs., Inc. v. N.L.R.B._, 695 F.2d 73 (4th Cir. 1982); _Johnson v. State of Miss._, 606 F.2d 635, 638 (5th Cir. 1979); _Weisenberger v. Huecker_, 593 F.2d 49 (6th Cir. 1979); _In re Burlington N., Employment Practices Litig._, 832 F.2d 430 (7th Cir. 1987);  _Jordan v. Multnomah County_, 815 F.2d 1258, 1264 (9th Cir. 1987).  Plaintiff's counsel will submit a Supplemental Declaration for an Award of Attorney Fees incurred in the litigation of this motion.

## VII.  CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiff's counsel in the amount of $10,173.00  and costs of $4,406.60 should also be awarded, for a total of $14,579.60.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone (954) 537-2000
Facsimile (954) 566-2235
donyarbrough@mindspring.com

12

By: s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60685-Civ-Dimitrouleas/Snow

PETER D. CRESCENZO,

     Plaintiff,

v.

ER SOLUTIONS, INC. and
CRI PURCHASING CORP.,

     Defendants.

_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 8, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara A. Sinsley, Esq.
Barron, Newburger & Sinsley, PLLC
Suite 102
205 Crystal Grove Blvd.
Lutz, FL 33548
Telephone: 813-500-3636
Facsimile: 813-949-6163

Via Notices of Electronic Filing generated by CM/ECF

14