UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60685-CIV-DIMITROULEAS/SNOW

PETER D. CRESCENZO,

    Plaintiff,

vs.

ER SOLUTIONS, INC. and
CRI PURCHASING CORP.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE 54), which was referred to United States Magistrate Judge Lurana S. Snow.  The defendants have filed their response to the motion (DE 56) and no reply has been filed within the allowable time.  The motion is ripe for consideration.

I. PROCEDURAL HISTORY

On May 8, 2009, the plaintiff filed the instant claim alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.95, et seq. ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), seeking only statuory damages. Approximately nine months later the defendants offered to resolve the FDCPA and FCCPA claims by paying the plaintiff $2,000.00, plus reasonable attorney's fees

and costs, in return for a dismissal with prejudice of those two claims. On March 4, 2010, the plaintiff accepted the defendants' offer, and on April 5, 2010, the parties filed a joint stipulation for dismissal. (DE 46) This Court approved the stipulation on April 6, 2010. (DE 47)

The plaintiff, as the prevailing party, seeks attorney's fees in the amount of $10,173.00 (33.91 hours at the rate of $300 per hour). The plaintiff's counsel has not sought compensation for 28.81 hours, which primarily were attributable to the TCPA claim. In support of his claim, counsel for the plaintiff, Donald A. Yarbrough, has filed his own declaration and the expert declaration of Scott D. Owens, who opines that the hourly rate and hours expended on the successful claims are reasonable and consistent with rates charged by lawyers for comparable services in this community. The plaintiff also seeks to tax costs in the amount of $4,406.60.

The defendants object to any charges for activities undertaken by counsel after acceptance of the offer or which were incurred in connection with the TCPA claim. The defendants also dispute claims for time expended to file motions for extensions of time, and object to costs related to the TCPA claim.

## II. RECOMMENDATIONS OF LAW

A. Attorney's Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart,

2

461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. Moreover, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards.

<u>Norman</u> held that the district court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." <u>Id.</u> at 1299, citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

<u>Norman</u>, 836 F.2d at 1299 (citations omitted).

Once the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained:

> If the result was excellent, then the court should compensate for all hours reasonably

>  expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised. The vindication of a constitutional right is important even if only a small amount of money is involved.

Id. at 1302 (citations omitted).

In the instant case, the defendants do not contest that the plaintiff is entitled to an award of a reasonable attorney's fee, and do not object to the hourly rate of $300.00 claimed by the plaintiff's counsel. Based on the declarations of the plaintiff's attorney and his expert, Scott D. Owens, Esq., as well as the Court's familiarity with the rates charged by other lawyers with equivalent experience for similar types of cases in this community, the undersigned finds that the rate of $300 per hour is reasonable.

The defendants do object to the number of hours claimed by counsel. First, the defendants challenge counsel's expenditure of 8.78 hours after March 4, 2010, the date the defendants' settlement offer was accepted. Since the plaintiff has not replied to this argument, the undersigned finds that the claimed fee award

must be reduced by $2,634.00 (8.78 hours X $300) for hours expended after the plaintiff accepted the settlement offer.

Next, the defendants object to counsel's claim for 9.19 hours spent on discovery related to the TCPA claim, on which the plaintiff did not prevail.  Again, the plaintiff has not stated why this time should be reimbursed, and the undersigned finds that the claimed fee should be reduced by $2,757.00 (9.19 hours X $300).

The defendants also object to reimbursement for 3.1 hours expended on filing motions for extensions of time to file pleadings.  The undersigned notes that 1.99 of those hours already have been excluded on the basis that they were billed after the date on which the offer of settlement was accepted.  Since the plaintiff has not stated why he should be compensated for attorney hours spent on motions for extension of time, the requested fee award should be reduced by $333 (1.11 hours X $300), for hours not already excluded that were expended on motions for extension of time.

Accordingly, the undersigned concludes that the plaintiff's requested fee should be reduced by a total of $5724.00, resulting in a fee award of $4,449.00.

B. <u>Costs</u>

Rule 54(d)(1) provides, in pertinent part, "Except when express provision therefor is made either in a statute of the

6

United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party, unless the court otherwise directs." Taxable costs are identified in 28 U.S.C. § 1920 as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d) also grants the Court the discretion to refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

      The defendants do not dispute that the plaintiff is the prevailing party for purposes of taxing costs. However, the defendants contend that the plaintiff cannot recover the costs associated with the TCPA claims. Specifically, the defendants

argue that the costs of the two videotaped depositions and for mediation, which occurred after the defendants' offer of settlement on the FDCPA and FCCPA claims was accpeted by the plaintiff, should be disallowed. The defendants have attached the transcripts of the two depositions in question, which demonstrate that the subject matter of the depositions was the TCPA claim.

As noted earlier, the plaintiff has not filed a reply to the defendants' response to his motion. Thus, the plaintiff has offered no legal basis to support his request that the costs of the two depositions and of mediation should be taxed to the defendants. The undersigned agrees with the defendants that these costs, totaling $3391.60, must be deducted from the plaintiff's request. The defendants do not dispute the costs of the filing fee ($350.00), service of process ($95.00) and background report ($30.00), and these costs, totaling $475.00, will be taxed to the defendants.

### III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the plaintiff's Verified Motion for an Award of Costs and Attorney Fees (DE 55) be GRANTED, in part, as follows:

1. The plaintiff should be awarded an attorney fee in the amount of $4,449.00, and

2. Costs in the amount of $475.00 should be taxed to the defendants.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of August, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record